# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DESMOND COLBY JONES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14005-JVM** |
| **JEFFERSON PARISH SHERIFF'S OFFICE SERGEANT DONALD CLOGHER, ET AL.** | |

## ORDER AND REASONS

Plaintiff, Desmond Colby Jones, a state inmate, filed this federal civil action pursuant to 42 U.S.C. § 1983. He sued the Sergeant Donald Clogher and Deputy Andre Nelson, alleging that they used excessive force to effect plaintiff's arrest.[1]

---

[1] The Court notes that there appears to be some confusion as to whether Clogher and Nelson are the only defendants. When the complaint was originally docketed, the Clerk of Court listed the Jefferson Parish Sheriff's Office as a defendant on the docket sheet. That appears to be incorrect. The matter was then further complicated by the fact that subsequent filings by the defendants listed former Jefferson Parish Sheriff Newell Normand as a defendant. That likewise appears to be incorrect. Because there is no indication that the plaintiff intended to sue either the Sheriff's Office or Normand, the Court does not consider either to be a defendant herein. Nevertheless, out of an abundance of caution, the Court notes that any claims against either the Sheriff's Office or Normand would also fail in any event.

As to the Jefferson Parish Sheriff's Office, "a sheriff's office is not a legal entity capable of being sued ...." Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 283 (5th Cir. 2002); accord Mitchell v. Jefferson Parish Correctional Center, Civ. Action No. 13-4963, 2013 WL 6002770, at *3 (E.D. La. Nov. 12, 2013); Francois v. Jefferson Parish Sheriff's Office, Civ. Action No. 12-1965, 2013 WL 654640, at *6 (E.D. La. Feb. 21, 2013) ("Louisiana law has not afforded any legal status to parish sheriff's departments such that they can be sued.").

As to Normand, plaintiff has not stated a proper claim against Normand in either his official or his individual capacity for the following reasons.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." Burge v. Parish of St. Tammany, 187 F.3d 452, 466 (5th Cir. 1999). Accordingly, any official-capacity claim against Normand would in reality be a claim against the local governmental body itself. Weatherspoon v. Normand, Civ. Action No. 10-060, 2010 WL 724171, at *2 (E.D. La. Feb. 22, 2010). However, as the United States Fifth Circuit Court of Appeals has explained: "In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted." Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks omitted). Because plaintiff does not allege that his rights were violated as a result of a policy or custom, he has failed to state a proper claim against Normand in his official capacity.

Plaintiff likewise has not stated a proper individual-capacity claim against Normand. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions: The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Moreover, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). In this lawsuit, plaintiff does not allege any personal involvement on the part of Normand. Moreover, although Normand held a supervisory position, "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); accord Oliver, 276 F.3d at 742 ("Section 1983 does not create supervisory or *respondeat superior* liability.")

In his complaint, plaintiff states his claim as follows:

On April 27, 2016 at approximately 11:30 p.m. I was leaving Lemieux Bar and Lounge when I was being stopped by Jefferson Parish police unit at which time I attempted to elude them by chase accompanied by Corey Dillon. I was going up Ames. I made a right turn on Acre Road and turned left on Lincoln Avenue at which time Corey Dillon jumped out while I was driving. I was on the left side of the road when Sergeant Clogher used his vehicle to ram me on the right side of my vehicle at which time I attempted to slow down. I attempted to slow down when he got directly in front of me and stopped on dead break at which time our vehicles collided and I was knocked temporarily unconscious. I was awakened to him pulling me out of the vehicle at which time I was slammed on the ground. He place his knee in my back while yelling "I should kill you." As he placed my right hand in a cuff he struck me on the back of my head at which time I began to move around wildly but he began striking me with more blows to my face and abdominal area at which time I tried to ball up but I was kicked in my ribs by Deputy Andre Nelson as he began to kick me repeatedly while Sergeant Clogher removed his flashlight and began to jam it in my left eye socket repeatedly while he told me "Scream all you want nobody will help you nigger bastard" as I begged them to stop. Then as other cops began to appear they began saying "stop resisting." They eventually stopped at which time I was cuffed and placed in the back of Deputy Paul Dimitri's police vehicle. As I waited for medical personnel to appear on the scene to check my injuries at which time Sergeant Clogher told me "your getting all types of charges tonight" through the window. I shook my head. After I waited a few more moments I was checked out by medical personnel and informed I would be taken to the hospital. I was treated for numerous injuries received multiple x-rays and taken to Jefferson Parish Correctional Center where I was booked with multiple charges and held to face trial.[2]

The defendants have filed a motion to dismiss pursuant to Rule 12(c) or, alternatively, for summary judgment pursuant to Rule 56.[3] Because the defendants presented matters outside the pleadings for the Court's consideration, the motion must be considered under Rule 56.[4] See Fed. R. Civ. P. 12(d). Plaintiff was ordered to respond to the defendants' motion by no later than

---

[2] Rec. Doc. 4, pp. 4-6.
[3] Rec. Doc. 23.
[4] Specifically, the defendants submitted evidence showing that, on April 3, 2017, plaintiff pleaded guilty to, among other crimes, two counts of resisting a police officer with force or violence pursuant to Louisiana Revised Statutes § 14:108.2. Because that evidence did not conclusively show whether those convictions concerned the same incident on which plaintiff's excessive force claims are based, the defendants were ordered to supplement their motion with additional records from the state criminal proceedings. Rec. Doc. 25. Defendants have complied with that order. Rec. Doc. 26.

2

November 30, 2017;[5] however, no opposition was ever filed. For the following reasons, the Court finds that the defendants are entitled to judgment as a matter of law and, therefore, the unopposed motion is granted.[6]

In reviewing a motion for summary judgment, the Court may grant the motion when no genuine issue of material fact exists and the mover is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). There is no "genuine issue" when the record taken as a whole could not lead a rational trier of fact to find for the nonmovant. Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

"Procedurally, the party moving for summary judgment bears the initial burden of informing the district court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." Taita Chemical Co., Ltd. v. Westlake Styrene Corp., 246 F.3d 377, 385 (5th Cir. 2001) (quotation marks and brackets omitted). The party opposing summary judgment must then "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986) (internal quotation marks omitted); accord Provident Life and Accident Ins. Co. v. Goel, 274 F.3d 984, 991 (5th Cir. 2001). The Court has no duty to search the record for evidence to support a party's opposition to summary judgment; rather, "[t]he party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which the evidence supports his or her claim." Ragas v. Tennessee Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998). Conclusory statements, speculation, and

---

[5] Rec. Doc. 25, p. 2.
[6] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 42 U.S.C. § 636(c). Rec. Doc. 16.

3

unsubstantiated assertions are not competent summary judgment evidence and will not suffice to defeat a properly supported motion for summary judgment. Id.; Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1429 (5th Cir. 1996).

As noted, plaintiff claims that the defendants used excessive force to effect his arrest. However, in a bill of information filed in the Louisiana Twenty-Fourth Judicial District Court on May 23, 2016, plaintiff was charged with numerous crimes including resisting Sergeant Donald Clogher and Deputy Andre Nelson with force or violence on April 27, 2016, in violation of Louisiana Revised Statutes § 14:108.2.[7] On April 3, 2017, plaintiff pleaded guilty to those charges.[8]

In light of plaintiff's convictions pursuant to § 14:108.2, the defendants argue that plaintiff's excessive force claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the United States Supreme Court explained that a prisoner may not bring a federal civil rights claim if a finding in his favor on that claim would necessarily imply the invalidity of an outstanding criminal conviction or sentence. The Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

---

[7] Rec. Doc. 26-1, pp. 1-2 and 10-13. He was also charged with aggravated flight pursuant to § 14:108.1(C), aggravated assault with a motor vehicle upon a peace officer pursuant to § 14:37.6, and aggravated criminal damage to property pursuant to § 14:55.
[8] Id. at pp. 3-4.

4

Id. at 486-87 (footnote omitted).

Where, as here, a plaintiff has outstanding convictions for resisting police officers with force or violence pursuant to Louisiana Revised Statutes § 14:108.2, Heck normally bars him from asserting an excessive force claim against those officers based on the same incident. See Idel v. New Orleans Police Department, Civ. Action No. 11-1078, 2012 WL 860380, at *3-4 (E.D. La. Mar. 13, 2012) ("Because plaintiff's excessive force claim is founded on an allegation that he did not attempt to kick [the arresting officer] and was instead simply attacked without provocation, that claim squarely challenges and is inherently inconsistent with the factual basis of plaintiff's guilty plea to the charge of resisting [the officer] with force or violence [pursuant to § 14:108.2]. Therefore, a finding by this Court in plaintiff's favor on the claim would necessarily imply the invalidity of the conviction resulting from that plea, and the Heck bar applies."); see also Walker v. Munsell, 281 Fed. App'x 388, 390 (5th Cir. 2008) ("[Appellant's] claim is based solely on his assertions that he did not resist arrest, did nothing wrong, and was attacked by the Appellee officers for no reason. Thus, Appellant's suit squarely challenges the factual determination that underlies his conviction for resisting an officer, and if he prevails, he will have established that his criminal conviction lacks any basis. This type of excessive force claim is, therefore, the type of claim that is barred by Heck in our circuit." (quotation marks and citations omitted)); DeLeon v. City of Corpus Christi, 488 F.3d 649, 656-57 (5th Cir. 2007); Arnold v. Town of Slaughter, 100 Fed. App'x 321, 324-25 (5th Cir. 2004).

Accordingly,

**IT IS ORDERED** that defendants' unopposed motion for summary judgment is **GRANTED**.

**IT IS FURTHER ORDERED** and that plaintiff's claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.[9]

New Orleans, Louisiana, this twelfth day of December, 2017.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] See DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir.2007) ("A preferred order of dismissal in Heck cases decrees, 'Plaintiff[']s claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").